IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Corris Davis, | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 3971 |
| Monique Crawford, et al., | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Sheriff Tom Dart, Officer Jeffery Jones, and Officer James Anderson move to dismiss Plaintiff Corris Davis' Third Amended Complaint under Fed. R. Civ. P. 12(b)(6). The Third Amended Complaint (Dkt. 52) contains one claim alleging deliberate indifference to medical needs in violation of the Fourteenth Amendment of the United States brought pursuant to 42 U.S.C. § 1983. The allegations stem from a motor vehicle accident Davis was involved in while in custody. The Defendants move to dismiss Davis' claim because there are no allegations against Sheriff Dart and Officers Jones and Anderson were not responsible for Davis' medical care. The Court also grants the motion to dismiss the Officers.

## FACTS

This Court takes the following well-pleaded allegations from the Third Amended Complaint and treats them as true for purposes of this motion. This action arises out of repeated denials of medical care by employees assigned to Cermak Health Services and various correctional centers located in Illinois. (Dkt. 52 at ¶ 1). At all relevant times to this lawsuit, Davis was incarcerated at the Cook County Department of Corrections ("CCDOC"), Stateville Correctional Center, Pontiac Correctional Center, or Pinckneyville Correctional Center. (*Id.* at ¶

6). Sheriff Tom Dart was the Sheriff of Cook County while Officers Jones and Anderson were police officers employed by the Cook County Sheriff's Department. (*Id.* at ¶¶ 9, 13-14). Officers Jones and Anderson transported Davis from the CCDOC Cook County Jail to Stateville on June 25, 2012. (*Id.* at ¶¶ 13-14, 19).

On June 25, 2012, Davis was being transported from the Cook County Jail to Stateville along with 52 other prisoners when the transport bus was involved in an accident. (*Id.* at ¶ 21). Officers Jones and Anderson completed Traffic Crash Statement Forms. (*Id.* at ¶ 22). Despite Davis specifically informing Officers Jones and Anderson that he was injured in the accident, the Officers reported no injuries to Investigator J. Rizzo. (*Id.* at ¶ 23). All of the prisoners involved were taken to Cermak for medical evaluation after the accident. (*Id.* at ¶ 24).

At Cermak, Davis complained of excruciating back and neck pain along with leg weakness, but was not given any pain medication or treatment. (*Id.* at ¶ 25). Despite medical records stating that Davis was given a prescription for pain medication, he received no drugs until June 2013, when he was issued 400 milligrams of a pain killer. (*Id.* at ¶¶ 26 and 45). This prescription ran out in December 2013 and has not been refilled since, despite a request for a refill. (*Id.* at ¶ 45).

At all times while incarcerated from June 25, 2012 to January 28, 2013 at Stateville, Pontiac, and the CCDOC, Davis continually requested medical attention and complained of pain and suffering but was refused all care and treatment. (*Id.* at ¶¶ 28-34, 36). Davis was transferred to Pinckneyville on January 28, 2013 and was denied care for his complaints of pain and suffering until the he received the single June 2013 pain medication prescription. (*Id.* at ¶¶ 37, 40-45).

## LEGAL STANDARD

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Davis' claim is plausible on its face if the Third Amended Complaint contains factual content that supports a reasonable inference that the Officers are liable for the harm. *See id.* A complaint should be dismissed only if the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *See Visiting Nurses Ass'n of Southwestern Indiana, Inc. v. Shalala*, 213 F.3d 352, 354 (7th Cir. 2000). For purposes of this motion, this Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). In this case, the allegations in Davis's Third Amended Complaint do not plausibly state a claim against the Officers.

## DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment, as incorporated by the Fourteenth Amendment, imposes a duty on states to provide adequate medical care to incarcerated individuals, and prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *See Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1072 (7th Cir. 2012). A prisoner's claim based on deficient medical care must demonstrate two elements: (1) an objectively serious medical condition, and (2) a prison official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

Davis alleges that the Officers acted with deliberate indifference to his serious medical needs following the motor vehicle accident that took place during his transport between the

CCDOC and Stateville on June 25, 2012. Davis contends that even though the Officers took him to Cermak immediately following the accident for a medical evaluation, because they did not include his injury in their Traffic Statements nor did they relay such information to Investigator J. Rizzo, they are responsible for his lack of medical treatment later. The Officers don't disagree that Davis suffered from a serious medical condition. Therefore, the issue remaining for this Court is whether the Officers acted with deliberate indifference in their response. Because the Officers responded in an appropriate manner subsequent to the accident and were uninvolved in the administration of any medical care or attention after June 25, 2012, Davis has failed to state a claim against the Officers.

Non-medical defendants, such as the Officers, can rely on the expertise of medical personnel. *See Arnett*, 658 F.3d at 755; *see also King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (police officers were not responsible for administering medical care and were entitled to defer to the judgment of health professionals); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (if prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands). Although the Officers did not mention Davis' injury in their Traffic Statements, they took Davis and the rest of the prisoners on the transfer bus to Cermak for a medical evaluation after the accident. By referring both Davis and the rest of the prisoners to Cermak for medical care after the accident, the Officers responded to any serious medical concerns in an appropriate fashion. *See Reynolds v. Barnes*, 84 Fed. Appx. 672, 674 (7th Cir. 2003) (prison guards did not act with deliberate indifference to inmate's broken foot when they referred him to a nurse the day after he first complained).

The only exception to this rule is that nonmedical officers may be found deliberately indifferent if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (citations omitted). Nonmedical defendants cannot simply ignore an inmate's plight. *See Greeno*, 414 F.3d at 656 (stating that '[p]erhaps it would be a different matter if [the nonmedical defendant] had ignored [the plaintiff's] complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address [the plaintiff's] concerns."); *see also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (nonmedical administrator was entitled to defer to the judgment of jail health professionals so long as he did not ignore the inmates). In order for the exception to apply, Davis must demonstrate that he communicated "an excessive risk to inmate health or safety" to the Officers after the Officers had referred him to Cermak. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). If the Officers knew of that risk, the refusal or declination to intervene may reflect deliberate disregard. *See id.* Davis presents no allegations in his Third Amended Complaint that the Officers were aware that Davis was not receiving medical treatment once transferred to Stateville. In fact, Davis presents no allegations that the Officers came in contact with Davis at any point after June 25, 2012. Without any communications or interactions between the Officers and Davis, it is impossible to conclude that the Officers had a reason to believe that Davis was not getting the medical care he allegedly required.

Moreover, Davis's argument in his Response brief that, because the Officers failed to list his injury in their Traffic Statements all the subsequent denials of medical care are attributable to them, is not persuasive. Davis himself was involved in the accident, knew all of the facts about the incident, and could request relief on his own, even without a supporting traffic report. *See*

5

*Collins v. Alevizos*, 404 Fed. Appx. 58, 61 (7th Cir. 2010) (finding that arresting officers' alleged cover-up of injury in police report did not constitute deliberate indifference to medical needs because plaintiff was able to report those facts to medical personnel himself). It is illogical to presume that a medical professional would rely on a traffic report as opposed to an inmate's personal complaints. Nonmedical prison officials defer to the judgment of medical providers, not the other way around. Even accepting that the Officers had a duty to include Davis's injury in their Traffic Statements, Davis is unable to establish a deliberate indifference claim because the Officers took him in for medical evaluation following the accident. The Officers may have been negligent in omitting Davis's injury from the Traffic Statements, but negligence, even gross negligence, is insufficient to meet the standard of deliberate indifference to an objectively serious medical need. *See King*, 680 F.3d at 1018.

Based on a review of Davis' Third Amended Complaint, this Court finds Davis has not stated a claim against the Officers for deliberate indifference to an objectively serious medical need. The Officers responded appropriately to the accident by referring Davis and the rest of the prisoners to Cermak for medical evaluation. After that point, the Third Amended Complaint contains no allegations that the Officers were aware that Davis was not receiving medical care or that his complaints were going ignored. There are no allegations in the Third Amended Complaint that the Officers had involvement or interaction with Davis after the transport to Stateville after June 25, 2012. Therefore, they could not have been aware of Davis' continuing complaints.

Davis agrees that Sheriff Dart is properly dismissed. For the foregoing reasons, Officers Jones and Anderson are also dismissed.

Accordingly, the motion to dismiss is granted in its entirety.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 22, 2014